I agree with the majority that the first assignment of error should be sustained. I disagree with the majority as to its analysis of that assignment of error.
The majority interprets our judgment of March 6, 2000, to have been, in effect, a final appealable order determining that Fred Mangus was a neglected and/or abused child. Pursuant to the reasoning of the majority, the action that the trial court should have taken on remand was to enter judgment finding the child to be neglected and/or abused and proceed to a dispositional hearing.
I do not interpret our judgment of March 6, 2000, as the majority interprets it. The second assignment of error from the earlier appeal in this case states that "[t]he court erred as a matter of law in dismissing the complaint yet entering a finding of dependency at the close of the state's case." From a reading of that assignment of error we knew that the case had been adjudicated after a presentation of only the state's case. The trial court had determined that the state had not proven a case of neglect or abuse, as alleged in the complaint, in their case in chief. We disagreed with the trial court in our March 6, 2000, judgment and found that "the evidence supporting a finding of neglect and abuse was more substantial and more probative than the evidence supporting a finding to the contrary." We further found that the "trial court's finding Fred was not a neglected and/or abused child was against the manifest weight of the evidence." The only thing that these words could have meant, given the status of the case when first appealed and the wording of the second assignment of error, was that the trial court's finding that Fred was not a neglected and/or abused child was against the manifest weight of the evidence at that point in the trial. What we were saying in that March 6, 2000, decision was, that from the evidence presented by the state, a finding of abuse and/or neglect was supported by the manifest weight of the evidence. Therefore, upon remand, I find that the trial court acted appropriately in allowing the defense to put on its case.
What I do not agree with is the ultimate finding made by the trial court that Fred Mangus is a dependent child. The evidence presented by the defense after the remand from this court was the testimony of Rosemarie Hall, who is the Guardian Ad Litem, and Amy Mangus, who is Fred's mother.
The testimony of Rosemarie Hall was stricken by the trial court as inadmissible except for the portions which reflected what Fred Mangus told the court during an interview with the trial court. I find that it was inappropriate for the trial court to admit the Guardian Ad Litem's testimony at that point in time. The trial court had spoken with the child during the state's case and had heard the same information from Fred Mangus as was testified to by the Guardian Ad Litem and had "used [it] as a factor in its prior decision" even though the trial judge had not made "reference to it in the prior decision." Transcript, pg. 29. It was inappropriate for the trial court to attempt to supplement the record from the first hearing, which had been reviewed and decided in the first appeal, by presenting evidence on remand that should have been on the record in the first hearing. I do not, however, find it to be an abuse of discretion. The statement of the alleged abused and/or neglected child is important to a determination of the issues even if admitted at an inappropriate time and in an inappropriate manner.[1]
I have considered the testimony of the Guardian Ad Litem and of Amy Mangus and still find that the evidence supporting a finding of neglect was more substantial and more probative than the evidence supporting dependency. It remains unrefuted that Fred gained only twelve pounds between May, 1994, and October, 1998, and that he gained eight and a half pounds from October, 1998, to March, 1999. October, 1998, was when Fred was removed from appellee's home. Dr. Steiner testified that Fred's weight and growth failure while he was residing with appellees was not the result of a medical condition, but was the result of being deprived of calories. None of the testimony presented by appellees refutes that Fred is unable to perform at an age appropriate level educationally even though Fred does not have a learning disability. Fred was home schooled by appellee until shortly before his removal from home. None of the testimony presented by appellee refutes that he has been diagnosed with a seizure disorder since his removal from the home and this is being controlled through medication. It was a condition that remained undiagnosed at home.
Therefore, based on the facts set forth above I find that it was against the manifest weight of the evidence for the trial court to find Fred Mangus to be a dependent child. The overwhelming evidence from objective sources supported at least a neglect finding and it was an abuse of discretion for the trial court to find otherwise.
I would reverse and remand this case to the trial court with instructions for the trial court to enter a finding of neglect based on the facts set forth above and proceed to disposition.
Based on the preceding, I would find the third assignment of error to be moot.
 ______________________ JUDGE JULIE A. EDWARDS
[1] This addresses assignment of error II in the appeal subjudice.